# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0181V

|  |  |
|---|---|
| CHRISTOPHER T. JACKSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2025 |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.

*Neil Bhargava*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On February 6, 2024, Christopher T. Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on October 24, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 10, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On March 24, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $75,000.00 in pain and suffering. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $75,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $75,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRISTOPHER T. JACKSON,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 24-181V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 6, 2024, Christopher T. Jackson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine that he received on October 24, 2022. ECF No. 1 at 1.  On December 6, 2024, respondent filed a Rule 4(c) Report, recommending that compensation be awarded.  ECF No. 18.  On December 10, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, agreeing with respondent that petitioner's claim meets the Table criteria for SIRVA.  ECF No. 19.

**I.      Compensation**

Respondent proffers that petitioner should be awarded **$75,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a).  Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

a. A lump sum payment of **$75,000.00,** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                      Respectfully submitted,

                      YAAKOV M. ROTH
                      Acting Assistant Attorney General

                      C. SALVATORE D'ALESSIO
                      Director
                      Torts Branch, Civil Division

                      HEATHER L. PEARLMAN
                      Deputy Director
                      Torts Branch, Civil Division

                      VORIS E. JOHNSON, JR.
                      Assistant Director
                      Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3

/s/ *Neil Bhargava*
NEIL BHARGAVA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3989
Email: neil.bhargava@usdoj.gov

Dated: March 24, 2025

Case 1:24-vv-00181-UNJ   Document 31   Filed 05/02/25   Page 5 of 5

3